**ANN CLARK and ELIZABETH CLARK, Administrators of John Clark, v. MATTHEW KEAN and JOHN STOCK-TON, Administrators of Thomas Kean, and GEORGE READ.**

Court of Chancery. New Castle. In Vacation. July 29, 1820.

*Ridgely's Notebook III, 173.*

574

THE CHANCELLOR. The defendants, Kean and Stockton, Administrators of Thomas Kean, Esq., in their answer have alleged that they have no assets. By the interlocutory decree, Kean and Stockton, the administrators, are made liable, and are decreed to pay such part of the money which came into the hands of Thomas Kean, formerly sheriff, as has not been applied to the judgments which were liens on the real estate of John Clark, Esq., at the time it was sold under execution. Process by Thomas Kean, and such part of the money as has not been paid by Mr. Read to Thomas Kean, and has not been applied by him to judgments, he, Mr. Read is decreed to pay to the complainants. Here there seems to be a direct interest in Kean and Stockton in fixing on Mr. Read as much of the purchase money as they can. It is true, if there are no assets of Thomas Kean, they cannot be charged with any portion of this money claimed by the complainants; but that is a question which can be proved only by the examination, now desired to be made by Mr. Read, to prove their interest, and it does not appear by any proceedings in this cause. Further, there are other facts suggested in the articles which may prove an interest in them, and which are to be made out by testimony hereafter to be obtained. A commission must be ordered, but it should be confined to the special matter here referred to, and not extend to the various matters suggested, which are questions of law, and to be decided on by the Court, on the record and proceedings in this cause.

Afterwards *Mr. Rogers,* counsel for the complainants, agreed that the depositions of Matthew Kean and John Stockton should be suppressed, and so it was entered on record, and of course no commission was awarded.